## The Frick Company v. Horne.

*Simmons, C. J.*—The case turning upon the question whether or not the descriptive words "eight horse-power Eclipse engine on sills, 6x9 cylinder, No. 4547," as used in a bail-trover declaration and the judgment rendered thereon, included a boiler and certain attachments thereto, and this question having been fairly submitted to the jury by the court in its charge, and they having upon sufficient evidence determined it in the defendant's favor, there is no cause for granting a new trial.

October 21, 1895.                              *Judgment affirmed.*

Affidavit of illegality. Before Judge Smith. Dodge superior court. March term, 1895.

The Frick Company sued Horne in bail-trover for "8 horse-power Eclipse engine on sills, 6x9 cylinder, No. 4547." Upon this suit a verdict was found for plaintiff for a certain amount, with the provision that "the same may be discharged by S. E. Horne turning over the engine in dispute to Frick Co. within thirty days." Upon this verdict a judgment was entered, in which it was provided: "This judgment may be discharged, however, by the return of the property sued for, to wit: one 8 horse-power Eclipse engine on sills, 6x9 cylinder, number 4547, to said plaintiffs within thirty days from this date." Upon this judgment execution was issued, in which it was stated that the thirty days had expired and the property had not been delivered. This execution was levied on "one Frick Co. Eclipse eight horse-power boiler and all attachments, to wit: one 6x9 boiler No. 1490, with Frick steam gauge, one Frick whistle, pop-valve, water-gauge, two water-cocks, one No. 12½ Hancock inspirator, lot of piping and one funnel, being a part of one eight horse-power Eclipse engine on sills, 6x9 cylinder, No. 4547, described and pointed out in this execution." Horne interposed an affidavit of illegality, alleging that the judgment upon which the execution was founded was, before the levy was made, entirely discharged by his turning over to the Frick Company, in accordance

v 97-23

with the verdict and judgment in the case, one eight horse-power Eclipse engine on sills, 6x9 cylinder, No. 4547, the property levied on being no part or parcel of the said eight horse-power Eclipse engine; and that the property levied on was not sued for and was not recovered in the said suit, and is not embraced in the judgment in said case. There was a verdict in favor of Horne, and plaintiff's motion for a new trial was overruled.

The testimony for the plaintiff shows the following: The property described in the levy is a part and embraced in the description set forth in the judgment. At the time the property was shipped out by Malsby & Avery for the Frick Co. to N. Rawlins, the boiler and attachments levied on were attached to the engine proper, as indicated in a picture in evidence, forming one piece of machinery. The boiler, which rested upon sills on the ground, was under the rest of the machinery or the engine proper, which was fitted down in grooves, fastened to the boiler with iron bolts and screwed on with nuts or taps. Thus put up it is described as an "Eclipse engine on sills," which description embraces both the engine and the boiler and the other attachments. The Frick Company or their agents do not make or sell them any other way. If an engine without the boiler is meant, it is described simply as "an engine," or if a boiler without the engine is meant, it is described simply as "a boiler"; but when the term "Eclipse engine on sills" is used, it means both the engine and boiler with the attachments put together, as before stated and as shown by the picture. The engine and boiler may be detached, and by making proper pipe connections the engine may be run with some other boiler, or the boiler may be used with another engine; but the Frick Company does not sell them that way. When so detached and separated, they are two different and distinct machines. When this engine was shipped by the company's agents, the number 4547 was on the engine, and the number 1490 was on the boiler. When

afterwards found in defendant's possession, the name of Frick Company had been chiseled off the boiler, as if to destroy its identity. He said he had detached the engine from the boiler after he got possession of it; and gave as a reason for so doing, that it worked better that way. The boiler and attachments were set off two or three feet from the engine, and were connected with it by a pipe. This was the condition when the sheriff, Rogers, first went to get the property in satisfaction of the judgment. Defendant then objected to Rogers taking the boiler and attachments described in the levy, but surrendered the engine and insisted on Rogers giving him a receipt which he caused to be written, and Rogers signed it, viz: "Received of S.E. Horne one eight horse-power Eclipse engine on sills, 6x9 cylinder, No. 4547, to satisfy an execution in favor of Frick & Co. vs. S. E. Horne." Rogers did not take the engine in full settlement of the judgment, but turned it over to Avery for plaintiff. Avery did not take it in satisfaction of the judgment, and instructed Rogers to seize the balance of the property, the part described in the levy, which was done.

For defendant the testimony was, that he bought the property levied on, at administrator's sale of N. Rawlins' estate. The engine and boiler were then attached together, as described in plaintiff's testimony and as represented in the picture. Afterwards defendant detached them because he thought they worked better; and when ex-sheriff Hargrove served the papers in the original trover suit, they were two or three feet apart, both on sills, and connected by pipes to convey steam from the boiler to the engine. They were the same way when defendant gave up the engine to Rogers. When Hargrove served the trover suit he seized only the engine. Defendant gave bond and replevied the property. The bail-bond was for the engine seized, not for the boiler and attachments. Both defendant and Hargrove understood that the engine only was sued for. Defendant gave up the engine to Rogers, in

satisfaction of the judgment; and plaintiff received it without notice to defendant that it was not received in satisfaction. The engine can be used separately from the boiler to run other machinery with any other boiler, and the boiler can be used separately and with any other engine; a boiler and engine are separate and distinct machines. Defendant has bought such engines and boilers separately of another make; bought them as an engine and boiler; is now running the boiler in dispute with another engine. The name on this boiler may have been knocked off with the iron fire-stick in shutting the door, or by wood. The engine and boiler had different numbers.

The grounds of the motion for new trial are, that the verdict is contrary to law and evidence; and that the court erred in charging: "If you find that the property levied upon was not actually included in the trover suit and judgment of recovery thereon in the case of Frick Co. against S. E. Horne, you should find a verdict for the defendant." (The court also charged the jury to look to all the facts and circumstances to see whether or not the property was included in the trover suit.) Alleged to be error, in that the jury were liable to understand the court to mean, that although the property levied upon may have been covered by and embraced in the words and terms of description used in the trover suit and in the judgment of recovery therein, yet they should find for the defendant if they found that said property was not "actually included in" said suit and judgment, thus giving the jury an opportunity to contradict by their verdict, and find contrary to the very language and terms of said suit and judgment of recovery.

*DeLacy & Bishop*, for plaintiff.

*E. A. Smith*, for defendant.